# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 20-MJ-7151
a Cell-Site Simulator to Locate the Cellular Device )
Assigned Call Number 702-517-7282 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the     Central     District of     Illinois    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 USC § 1073 | Unlawful Flight to Avoid Prosecution |

The application is based on these facts:

See attached affidavit of FBI Special Agent Ryan McElroy, incorporated herein by reference.

☑ Continued on the attached sheet.

☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/ Ryan McElroy
*Applicant's signature*

FBI Special Agent Ryan McElroy
*Printed name and title*

Attested to in accordance with Fed. R. Crim. P. 4.1, by reliable electronic means, namely telephone and email.

s/ Eric Long

Date: December 10, 2020

*Judge's signature*

City and state: **Monticello, IL**        HON. ERIC I. LONG, U.S. MAGISTRATE JUDGE
*Printed name and title*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 702-517-7282 | Case No. 20-MJ- 7151<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Ryan McElroy, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number 702-517-7282 (the "TP1"), (hereinafter the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since 2019. I am currently assigned to the Springfield Illinois Division of the FBI where I am assigned to criminal enterprise investigations and other criminal investigations to include fugitive investigations. Since becoming a Special Agent, I have worked with experienced Special Agents who investigate drug trafficking, bank robberies, and other federal offenses. I have utilized a number of techniques in conducting the investigations to include those authorized by a federal court authorities. Some of those techniques have included Pen Register/Trap and Trace orders and Phone Location Information warrants. I have used the information from these techniques to further investigations to include the locating of fugitives.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Devices are currently located somewhere within this district because: (1) prospective location information received from the Target Cellular Device's service provider is consistent with the device being located in Champaign, Illinois; (2) Laron Davis ("the Subject") has historically resided in the Champaign, Illinois area; (3) historical call detail records for the Target Cellular Device indicate contact with other cellular devices assigned with the "217" prefix; and (4) records obtained from T-Mobile indicate the device travel from Las Vegas, Nevada to Champaign, Illinois in November 2020. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Loran Davis has violated Title 18, United States Code, Section 1073, unlawful flight to avoid prosecution. The Subject was charged with this crime on December 9, 2020 and is the subject of an arrest warrant issued on December 9, 2020. There is also probable cause to believe that the Subject is aware of the charge of murder in Nevada and has fled and/or is eluding law enforcement. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting the Subject, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.  Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. *See* 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. *See* 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7.  United States, including the Federal Bureau of Investigation, is conducting a criminal investigation of Laron Davis, born January 10, 1980, regarding possible violations of Title 18, United States Code, Section 1073, unlawful flight to avoid prosecution.

8.  On November 3, 2020 at approximately 7:17 AM, officers with the Las Vegas Metropolitan Police Department (LVMPD) responded to a report of a shooting at the Sunset Canyon Apartments located at 9700 West Sunset Road, Las Vegas, Nevada. Upon arrival, officers located a female ("LW") outside of building 12 who had been shot numerous times. LW was transported to the hospital where she later succumbed to her injuries. Detectives responded and through their investigation, they learned that immediately prior to the shooting, LW was arguing with Laron Davis, her boyfriend of 14 years and the father of her two children. Witnesses provided investigators with statements that identified Laron Davis as the person who shot LW while they argued in the parking lot outside building 12.

9.  On November 4, 2020, an arrest warrant was issued from the Las Vegas Justice Court charging Davis with Murder with a Deadly Weapon in violation of Nevada Revised Statutes (NRS). The arrest warrant was authorized by Harmony Letizia, Las Vegas Justice of the Peace, under case number 20-CR-032381. The warrant (NIC-W512271926) indicates Davis is

wanted for homicide relating to the LVMPD case 2011-00009046.  In addition, the LVMPD has confirmed that they will seek to extradite Davis following any arrest outside the state of Nevada.

10. On November 4, 2020, the LVMPD provided a written request for the FBI's assistance in locating and arresting Davis pursuant to the arrest warrant issued in their jurisdiction.

11. In early December 2020, the FBI conducted an analysis of records of associates commonly called by Davis.  The common call analysis led to the identification of the SUBJECT ACCOUNT believed to be used by Davis.  The FBI task force obtained a Clark County, Nevada District Court authorized warrant to obtain historical call detail records, initiate a Pen Register/Trap and Trace, and obtain prospective Phone Location.  The historical call detail records indicate the telephone associated with the SUBJECT ACCOUNT was located in Las Vegas, Nevada on November 3, 2020.  On November 4, 2020, the records indicate the telephone was located in Utah and over the following days was in Wyoming, Colorado, Nebraska, and Iowa.  The records indicate the device was located on November 10, 2020 and thereafter in Illinois. On December 9, 2020 the prospective phone location information indicated the telephone was located in Champaign, Illinois.

12. A review of the records associated with the SUBJECT ACCOUNT show contact with numbers with the prefix "217", a prefix associated with the Champaign, Illinois area, and "702", a prefix associated with the Las Vegas, Nevada area.

13. A review of the call detail records indicate the SUBJECT ACCOUNT has been in contact with a number ending with 4184 (prefix "217") and associated with a female (HF).  The female resides at 1648 Valley Road, Champaign, Illinois.  Prospective location information

associated with the SUBJECT ACCOUNT is consistent with a device located in the vicinity of 1648 Valley Road, Champaign, Illinois as of December 9, 2020.

14. A review of public records associated with Champaign County, Illinois Circuit Clerk indicate a Laron C. Davis born in 1980 has been a defendant in traffic matters in 2004, 2005, and 2006. Davis was a defendant in criminal felony matters in 2005 and 2011. The docket sheet associated with Champaign County Circuit Case 2011-CF-255 indicates that on January 9, 2012, Davis pled guilty to the offense of aggravated unlawful possession of a firearm by a felon pursuant to 730 ILCS 5/5-5.3(c)(2)(F) and 720 ILCS 5/24.1-1(e).

15. There is probable cause to believe that Davis is aware of the charge of murder in Nevada and has fled and/or is eluding law enforcement.

16. On December 9, 2020, Davis was charged with unlawful flight to avoid prosecution in the United States District Court (District of Nevada) and an arrest warrant was issued for Davis on December 9, 2020

**MANNER OF EXECUTION**

17. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

18. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be

connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

19. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

**AUTHORIZATION REQUEST**

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until

30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

23. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

s/ Ryan McElroy

Ryan McElroy
Special Agent
Federal Bureau of Investigation

Attested to in accordance with Fed. R. Crim. P. 4.1, by
reliable electronic means, namely telephone and email, on December 10, 2020.

s/ Eric Long

HON. ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the:

- Cellular devices assigned phone number 702-517-7282, whose wireless provider is T-Mobile.

**ATTACHMENT B**

Pursuant to an investigation of Laron Davis for a violation of Title 18, United States Code, Section 1073, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular devices identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days or until the arrest of Davis, whichever is sooner, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).